

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| TESFALDET TESFAY WELDEGEBRIAL, | ) ) | No. 13-70223 |
|---|---|---|
| | ) | Agency No. A087-996-636 |
| Petitioner, | ) ) | |
| | ) | MEMORANDUM[*] |
| v. | ) ) | |
| LORETTA E. LYNCH, Attorney General, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |
| | ) | |


On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2016[**]
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Tesfaldet Tesfay Weldegebrial, a citizen of Eritrea, petitions for review of

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

the Board of Immigration Appeals' denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT)[3] relief. We grant the petition and remand.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias-Zacarias*, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). However,

_____

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

when a determination is based upon credibility, "'a specific, cogent reason'" for disbelieving the alien must be offered. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004); *see also Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014); *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

Applying those standards, we hold that the Immigration Judge and BIA erred. The minuscule mistakes identified neither go to the heart of the matter,[4] nor, "[c]onsidering the totality of the circumstances, and all relevant factors,"[5] do they indicate a lack of credibility. For example, Weldegebrial's application used the name of a younger brother as the one at a camp where Weldegebrial said he was abused, but Weldegebrial made it clear at the hearing that the person who was there was actually Weldegebrial's older brother, which in context made sense. Any fair reading indicates that there was simply a mistake in the name, as he said there was. Similarly, the application said that the older brother was in Sweden, a rather unlikely possibility. It, too, appears to be the mistake Weldegebrial testified it was—it was typed as Sweden rather than Sawa. In any event, neither of those

---

[4]*See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010); *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). That standard need not be met, but the IJ stated that it was.

[5]*See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014); *Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011); *Shrestha v. Holder*, 590 F.3d 1034, 1040–45 (9th Cir. 2010).

3

inconsistencies has anything to do with his detailed description of his ill treatment, which is powerfully corroborated by the Country Report.[6] That is to say, they were trivial. Moreover, the peculiar (even nonsensical) error in the letter from a brother did not reflect upon Weldegebrial's own credibility, and Weldegebrial's descriptions of his arrest did not actually conflict at all. Thus, it was error to find Weldegebrial to be incredible on those bases. That error infects the asylum, withholding and CAT determinations. That is especially true in light of the Country Report, which suggests that those in his position are often persecuted, tortured, or both, when forced to return to Eritrea.

We therefore grant the petition and remand to the BIA, on an open record,[7] for further consideration consistent with this disposition. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–18, 123 S. Ct. 353, 355–56, 154 L. Ed. 2d 272 (2002) (per curiam).

Petition GRANTED and REMANDED.

---

[6]*See* U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., 2010 Human Rights Reports: Eritrea (Apr. 2011).

[7]In light of the record, the BIA should also expatiate on the Country Report and the weight, if any, that it gives to the Report's relevant provisions. We note that there were other similar reports which reached the same essential conclusions as the Country Report. *See* Amnesty Int'l, Eritrea: Sent Home to Det. and Torture (May 2009); Human Rights Watch, Service for Life: State Repression and Indefinite Conscription in Eritrea (Apr. 2009).